1  KAREN P. HEWITT
   United States Attorney
2  DAVID M. McNEES
   Special Assistant U.S. Attorney
3  California State Bar No. 216612
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5979
   E-mail: david.mcnees@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

FILED

2008 MAY 14  PM 2: 59

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KNIK_____DEPUTY

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,        )   Civil No.  '08 CV 0862 IEG CAB
                                     )
11              Plaintiff,           )   COMPLAINT FOR
                                     )   FORFEITURE
12       v.                          )
                                     )
13  $45,000.00 IN U.S. CURRENCY,     )
                                     )
14  TWO RABOBANK CASHIER'S           )
    CHECKS AT A TOTAL VALUE          )
15  OF $31,000.00,                   )
                                     )
16  ONE WELLS FARGO CHECK            )
    #028203098 IN THE AMOUNT         )
17  OF $17,000.00,                   )
                                     )
18  ONE RABOBANK CHECK               )
    #012000742 IN THE AMOUNT         )
19  OF $8,000.00,                    )
                                     )
20  ONE RABOBANK CHECK               )
    #012000743 IN THE AMOUNT         )
21  OF $8,000.00,                    )
                                     )
22  $8,000.00 IN U.S. CURRENCY,      )
                                     )
23              Defendants.          )
    _____   )
24

25       By way of complaint against the defendants,

26       $45,000.00 IN U.S. CURRENCY,

27       TWO RABOBANK CASHIER'S CHECKS AT A TOTAL VALUE OF $31,000.00,

28       ONE WELLS FARGO CHECK #028203098 IN THE AMOUNT OF $17,000.00,

2008V00119:DMM:tlr

1      ONE RABOBANK CHECK #012000742 IN THE AMOUNT OF $8,000.00,

2      ONE RABOBANK CHECK  #012000743 IN THE AMOUNT OF $8,000.00, and

3      $8,000.00 IN U.S. CURRENCY,

4  (hereinafter "defendants"), the United States of America alleges:

5      1.     This Court has jurisdiction over this action by virtue of the provisions of Title 28,

6  United States Code, Section 1355, and Title 21, United States Code, Section 881.

7      2.     Venue is proper in this district pursuant to Title 28, United States Code, Section 1395,

8  because the defendants were found within this district.

9      3.     On December 3, 2007, United States Border Patrol agents discovered a narcotics

10  smuggling tunnel between Mexico and the United States in Tecate, CA.  Agents seized approximately

11  13,776 pounds of marijuana from the tunnel.  The tunnel was located by a narcotics K-9 at 461 Tecate

12  Road in Tecate, CA.  Agents followed the tunnel and discovered it originated at Calle Presidente Elias

13  Calles, Zona Centro #261, Tecate, Baja California, Mexico.

14      On December 7, 2007, special agents met with David Rafael Lomas-Lopez, who along

15  with his brother, owns the building from which the tunnel originated.  Agents learned the brothers had

16  purchased the building approximately ten years ago, and that in May 2006, the first floor of the building

17  was rented to an individual known as Jose Larios-Hernandez.  The lease was for eighteen months and

18  called for a payment of $1,500 a month.  Lomas-Lopez had decided to sell the building.  When informed

19  of the impending sale, Larios-Hernandez offered to purchase the building from the Lomas-Lopez

20  brothers.  Larios-Hernandez had a right to purchase the building in his lease contract.  A purchase

21  agreement was drafted with the indicated purchase price of $162,347.23.  In addition to this agreement,

22  they received $125,000 in cash in a shoe box.  $45,000.00 of this cash was turned over to the agents on

23  December 7, 2007.  A narcotic K-9 made a positive hit on the currency.  Additionally, agents received

24  four IOUs for payments of $23,163.19 on each of them.  This amounted to a total sales price of

25  $379,999.99 for the building.

26      The agents then went to the Lomas-Lopez residence and were given an additional

27  $8,000.00 in currency.  This currency was part of the $125,000.00 given to him in the shoe box.

28  //

2

1  A narcotic K-9 later made a positive hit on this $8,000.00 in currency.  Agents also received all of the

2  documents associated with the sale of the building.

3        Later in the day, agents also interviewed Antonio Lomas-Lopez, the brother of David

4  Rafael.  Antonio corroborated what his brother had told the agents.  Antonio stated that Larios had

5  offered him $180,000.00 for the building, but Antonio countered with a sale price of $380,000.00 for

6  the building.  This offer was accepted by both parties.  Antonio confirmed the delivery of $125,000.00

7  in cash in the shoe box.  The tunnel was discovered three days after this payment was made.

8        Both David and Antonio Lomas-Lopez stated they did not want to keep the money

9  because it was associated with narcotic trafficking.  David Lomas-Lopez signed a DEA-12 stating he

10  was giving the money to DEA on behalf of his brother Antonio.

11        On December 10, 2007, David Lomas-Lopez and Lidia Michelle Lomas met with agents

12  in San Ysidro.  Ms. Lomas is the daughter of Antonio Lomas-Lopez.  Ms. Lomas stated her father

13  Antonio had given her and her brother some of the currency from the sale of the building to deposit in

14  their bank accounts.  She stated she had deposited $17,000.00 in her bank account with Wells Fargo and

15  her brother had deposited $8,000.00 in his account with Rabobank.  David Lomas-Lopez also stated he

16  had deposited $8,000.00 of the currency in his bank account at Rabobank.  They both said they were

17  willing to withdraw the money in a cashier's check made out to the U.S. Marshal and give the checks

18  to the agents.

19        On December 11, 2007, Ms. Lomas and her brother Marco Lomas met with agents in

20  Chula Vista, CA.  Ms. Lomas presented a $17,000.00 Wells Fargo cashier's check made payable to the

21  U.S. Marshal Service.  Ms. Lomas signed a U.S. Attorney consent to forfeiture of money and stated her

22  father did not want anything to do with the money.  Mr. Lomas also signed a consent to forfeiture for

23  the $8,000.00 cashiers check he presented.

24        On December 14, 2007, David Lomas Lopez provided two additional cashiers checks

25  from Rabobank, one for $23,000.00 and the other for $8,000.00.  Mr. Lomas-Lopez also signed a

26  consent to forfeiture form related to these checks.

27  //

28  //

3

1

<u>Count 1</u>

2

$45,000.00 IN U.S. CURRENCY

3    4.    Paragraphs 1-3 are incorporated as a part hereof.

4    5.    On and/or prior to December 7, 2007, the Count 1 defendant currency was a thing of

5 value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in

6 violation of Title 21 of the United States Code, Section 881.

7    6.    Alternatively, on and/or prior to December 7, 2007, the Count 1 defendant currency

8 represented the proceeds of or proceeds traceable to an exchange for a controlled substance or listed

9 chemical in violation of Title 21 of the United States Code, Section 881.

10    7.    Because of the aforementioned acts or uses alleged herein, either singly or in

11 combination, the Count 1 defendant currency is subject to forfeiture pursuant to Title 21, United States

12 Code, Section 881(a)(6).

13    8.    The Count 1 defendant currency is presently stored within the jurisdiction of this Court.

14

<u>Count 2</u>

15

TWO RABOBANK CASHIER'S CHECKS AT A TOTAL VALUE OF $31,000.00

16    9.    Paragraphs 1-3 are incorporated as a part hereof.

17    10.    On and/or prior to December 7, 2007, the Count 2 defendant checks were things of value

18 furnished or intended to be furnished in exchange for a controlled substance or listed chemical in

19 violation of Title 21 of the United States Code, Section 881.

20    11.    Alternatively, on and/or prior to December 7, 2007, the Count 2 defendant checks

21 represented the proceeds of or proceeds traceable to an exchange for a controlled substance or listed

22 chemical in violation of Title 21 of the United States Code, Section 881.

23    12.    Because of the aforementioned acts or uses alleged herein, either singly or in

24 combination, the Count 2 defendant checks are subject to forfeiture pursuant to Title 21, United States

25 Code, Section 881(a)(6).

26    13.    The Count 2 defendant checks are presently stored within the jurisdiction of this Court.

27  //

28  //

4

1

Count 3

2

ONE WELLS FARGO CHECK #028203098 IN THE AMOUNT OF $17,000.00

3      14.    Paragraphs 1-3 are incorporated as a part hereof.

4      15.    On and/or prior to December 7, 2007, the Count 3 defendant check was a thing of

5 value furnished or intended to be furnished in exchange for a controlled substance or listed chemical

6 in violation of Title 21 of the United States Code, Section 881.

7      16.    Alternatively, on and/or prior to December 7, 2007, the Count 3 defendant check

8 represented the proceeds of or proceeds traceable to an exchange for a controlled substance or listed

9 chemical in violation of Title 21 of the United States Code, Section 881.

10     17.    Because of the aforementioned acts or uses alleged herein, either singly or in

11 combination, the Count 3 defendant check is subject to forfeiture pursuant to Title 21, United States

12 Code, Section 881(a)(6).

13     18.    The Count 3 defendant check is presently stored within the jurisdiction of this Court.

14

Count 4

15

ONE RABOBANK CHECK #012000742 IN THE AMOUNT OF $8,000.00

16     19.    Paragraphs 1-3 are incorporated as a part hereof.

17     20.    On and/or prior to December 7, 2007, the Count 4 defendant check was a thing of value

18 furnished or intended to be furnished in exchange for a controlled substance or listed chemical in

19 violation of Title 21 of the United States Code, Section 881.

20     21.    Alternatively, on and/or prior to December 7, 2007, the Count 4 defendant check

21 represented the proceeds of or proceeds traceable to an exchange for a controlled substance or listed

22 chemical in violation of Title 21 of the United States Code, Section 881.

23     22.    Because of the aforementioned acts or uses alleged herein, either singly or in

24 combination, the Count 4 defendant check is subject to forfeiture pursuant to Title 21, United States

25 Code, Section 881(a)(6).

26     23.    The Count 4 defendant check is presently stored within the jurisdiction of this Court.

27 //

28

5

Count 5

ONE RABOBANK CHECK #012000743 IN THE AMOUNT OF $8,000.00

24. Paragraphs 1-3 are incorporated as a part hereof.

25. On and/or prior to December 7, 2007, the Count 5 defendant check was a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Title 21 of the United States Code, Section 881.

26. Alternatively, on and/or prior to December 7, 2007, the Count 5 defendant check represented the proceeds of or proceeds traceable to an exchange for a controlled substance or listed chemical in violation of Title 21 of the United States Code, Section 881.

27. Because of the aforementioned acts or uses alleged herein, either singly or in combination, the Count 5 defendant check is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

28. The Count 5 defendant check is presently stored within the jurisdiction of this Court.

Count 6

$8,000.00 IN U.S. CURRENCY

29. Paragraphs 1-3 are incorporated as a part hereof.

30. On and/or prior to December 7, 2007, the Count 6 defendant currency was a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Title 21 of the United States Code, Section 881.

31. Alternatively, on and/or prior to December 7, 2007, the Count 6 defendant currency represented the proceeds of or proceeds traceable to an exchange for a controlled substance or listed chemical in violation of Title 21 of the United States Code, Section 881.

32. Because of the aforementioned acts or uses alleged herein, either singly or in combination, the Count 6 defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

33. The Count 6 defendant currency is presently stored within the jurisdiction of this Court.

//

//

6

1      WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the

2 defendants, and that due notice be given to all interested parties to appear and show cause why said

3 forfeiture should not be declared.

4

5      DATED: May 14, 2008

6                                KAREN P. HEWITT
                                United States Attorney

7

8                                 *David McNees*

9                                 DAVID M. McNEES
                                Special Assistant U.S. Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFICATION

I, Melissa Bell, hereby state and declare as follows:

1.    I am a Special Agent with the United States Drug Enforcement Administration.

2.    I have read the foregoing complaint and know its contents.

3.    The information in the complaint was furnished by official Government sources. Based on this information, I believe the allegations in the complaint to be true.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on May 13, 2008.


MELISSA BELL, Special Agent
Drug Enforcement Administration

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$45,000 in U.S. Currency, et al.

FILED
2008 MAY 14  PM 3:00

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
SOUTHERN DISTRICT OF CALIFORNIA
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
US Attorney's Office SAUSA David M. McNees, (619) 557-5979
880 Front Street, Room 6293, San Diego, CA 92101-8893

Attorneys (If Known)

'08 CV 0862 IEG CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. Section 881
Brief description of cause:
narcotics trafficking

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE May 14, 2008

SIGNATURE OF ATTORNEY OF RECORD
David McNees

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

C6